# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MARGARET CHAVEZ,

    Plaintiff,

vs.                                                  Civ. No. 99-619 MV/WWD

KENNETH S. APFEL, Commissioner,
Social Security Administration,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1.  THIS MATTER comes before the Court upon Plaintiff's Motion to Reverse, filed February 22, 2000 **[docket # 4]**. Plaintiff, now 46 years old, alleges impairments of cervical pain, TMJ injuries, carpal tunnel syndrome and depression and anxiety. She was found disabled in December 1991. In 1995, the Commissioner alleged that Plaintiff had improved to the extent that she was no longer disabled under social security law. Following a hearing, an Administrative Law Judge ("ALJ") issued a decision which upheld the termination.

    2.  The Appeals Council remanded the case in December 1997 for another hearing for vocational evidence and further evaluation of Plaintiff's subjective symptoms. A second hearing was held before the same ALJ in June 1998. The ALJ concluded that Ms. Chavez could not return to her past relevant work as a secretary or clerical worker, but that she has transferable skills consisting of secretarial skills, filing, typing and computer skills, and could perform a

significant number of jobs as office helper and appointment clerk at the sedentary and light level. Tr. at 25, 28.  This is an appeal from that decision, pursuant to 42 U.S.C. §405(g).

3. Plaintiff alleges the following errors: (1) the ALJ failed to include all of the impairments in his vocational questions; (2) there is no substantial evidence of improvement on April 1, 1995; (3) the Commissioner did not adequately compare the alleged improvement with the evidence of the previous finding of disability; and (4) the decision fails to give weight to Plaintiff's need to lay down during the day.

4. In termination of benefit cases, benefits may not be discontinued without a showing of substantial evidence that the claimant's condition has improved.  Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir. 1984); 20 C.F.R. § 404.1594(a).  The Commissioner has this burden, which will normally consist of current evidence showing that a claimant has improved to the point of being able to engage in substantial gainful activity.  Id. (citations omitted).

***Remand or Reversal?***

5. This case has a somewhat unusual posture.  Plaintiff urges the Court to make findings which result in outright reversal of the ALJ's decision terminating Ms. Chavez' benefits and in addition, to reinstate her benefits pending review by the ALJ.

6. Defendant agrees that the ALJ's decision is faulty on all the grounds alleged by Plaintiff, conceding that the ALJ: failed to adequately evaluate Ms. Chavez' mental impairment regarding interpersonal relationships; offered an inadequate explanation of how medical evidence and opinions in the record support a finding of improvement; and did not sufficiently analyze Plaintiff's credibility relating to her subjective complaints.

7. Thus, the parties do not dispute that the ALJ's decision is erroneous on each of the

alleged errors. However, the Commissioner opposes reversal and reinstatement and instead requests remand so that the ALJ can properly evaluate the case under regulatory guidelines for termination.

8. I find that the proper action is to remand the case so that the ALJ, not the Court, can evaluate the case and make a decision on whether Plaintiff is disabled any longer. See Bernal v. Bowen, 851 F.2d 297, 297 (10th Cir. 1988) (court cannot reweigh the evidence nor substitute its judgment for that of the agency).

9. Plaintiff contends reversal is proper based partly on this Court's reversal of another termination case. See Roybal v. Chater, Civil No. 98-83 JP/WWD, Magistrate Judge's Proposed Findings, (D.N.M. Mar.26, 1999). Reversal is not warranted in this case for several reasons. The conceded errors are less discrete than those alleged in Roybal so that reversal would not promote judicial efficiency, but instead usurp the role of Commissioner in making disability determinations. Further, there was no concession by the Commissioner in Roybal, as there is here, that considerable error by the ALJ exists or that further evaluation is necessary.

*Reinstatement of Benefits?*

10. The question of whether Plaintiff's benefits should be reinstated during pendency of the remand hearing, however, requires some analysis. Based on the following discussion, I find that benefits should be reinstated while a remand before the ALJ is pending.

11. In support for her position, Plaintiff states that she had exercised her "right to continued payment" during the hearing on remand, referring in her Reply to 20 C.F.R. § 404.1597a(i)(1), which states:

*What you must do when your case is remanded to an administrative law judge.* If

we send back (remand) your case to an administrative law judge for further action under the rules provided in § 404.977, and the administrative law judge's decision or dismissal order issued on your medical cessation appeal is vacated and is no longer in effect, continued benefits are payable pending a new decision by the administrative law judge or final action is taken by the Appeals Council on the administrative law judge's recommended decision.[1]

12.  Under 42 U.S.C. § 423(g)(1), a Plaintiff whose benefits have been terminated may elect to continue monthly payments pending an administrative hearing under certain circumstances.[2]  However, based on my review of the limited case law on the issue, the provision does not apply to that period of time during which Ms. Chavez is requesting reinstatement.  The provision applies only to that period of time during which administrative review is pending, but "does not authorize continuation of terminated benefits pending judicial review."  Simon v. Heckler, 585 F.Supp. 537, 538 (S.D.Ohio 1984) (citing Thibodeau v. Heckler, 571 F.Supp. 524, 525 (D.Maine 1983) ("by its express language, the statute is aimed at the time interval between

---

[1]  Although Plaintiff relies on § 404.1597a(**i**), the regulation which refers to an "election" to continue benefits pending a hearing before an ALJ is § 404.1597a(**g**). The former actually refers to an "automatic" continuation of benefits when the *Appeals Council* remands a case to an ALJ and when the ALJ's decision issued on the termination appeal "is vacated and is no longer in effect." § 404.1597a(i) & i(2).

[2]  42 U.S.C. § 423 is the statutory authority for the CFR regulation cited by Plaintiff.  See 20 C.F.R. Subpart P, "Authority."  The provision specific to an election of continued benefits during appeal ("Continued payment of disability benefits during appeal") originally applied only to those cases where initial termination decisions were made between January and December 1983. See Simon v. Heckler, 585 F.Supp. 537, 538 (S.D.Ohio 1984) (citing 42 U.S.C. § 423(g)(3) (amended by subsequent legislation).  At that time, "in nearly 65% of the termination cases, benefits were being reinstated by the [ALJ's]." Id. at 540.  The legislative history of § 423(g) was apparently intended as a temporary measure to protect claimant's rights to benefits during the period when Congress was rehauling legislation governing termination cases.
     The time period limiting the availability of the provision to claimants as set out in 42 U.S.C. § 423(g)(3) was eventually extended from December 1983 to January 1, 1988 and then finally omitted altogether.  See, Social Security Disability Benefits Reform Act of 1984, P.L. 98-460, Oct. 9, 1984, § 7(a)(1) (amending 42 U.S.C. § 423(g)(3)); P.L.101-508, Title V, §5102(2), Nov. 5, 1990 (striking (3) from §423(g)).

the initial termination of benefits by the state and the claimant's appeal of that determination to [an ALJ]").

13. However, while recognizing that the provision allows an individual to elect to continue receiving benefits during the pendency of an appeal of a termination, the Tenth Circuit also found that the provision was not intended as the "exclusive mechanism for the continuation of benefits pending review." White v. Heckler, 774 F.2d 994, 995 (10th Cir.1985) (district court could award retroactive and continued benefits after finding that termination of benefits was unwarranted even though claimant had not voluntarily elected to continue).[3] Rather, the Court's power to order "appropriate relief," including retroactive and continuing benefits, remains intact under 42 U.S.C. § 405(g). Id. at 995 (relying on legislative history); see also Huie v. Bowen et al., 788 F.2d 698, 703 (11th Cir. 1986) (ordering continuing and retroactive benefits to claimant whose benefits had been terminated during pendency of Secretary's reconsideration of claim).

14. In this case, I find that the appropriate relief would be to allow Plaintiff to continue receiving benefits pending a hearing on remand before the ALJ and to order retroactive reinstatement of the benefits she would have received since the termination. I note that such relief should not be taken as a general rule, and is distinctly case-specific. See e.g., Doughty v. Bowen, M.D.., 839 F.2d 644 (10th Cir. 1988) (finding that district court lacked ability to award interim benefits during pendency of appeal when individual has never been certified disabled and entitled to benefits, since statute only provided for such benefits for termination cases).

15. The present circumstances support a continuation of benefits. The Commissioner is

---

[3] The court's opinion refers to 223(g) of the Social Security Act, which was codified at 423(g). See 774 F.2d at 995 n.2.

requesting remand and concedes that the ALJ did not properly review Ms. Chavez' case. See Simon, at 539-40 (ordering continuation of benefits where Secretary requested remand to reconstruct the claims file).[4]  Should the initial decision to terminate benefits be affirmed on review by the ALJ on remand, these continued benefits should be considered overpayments and treated in accordance with 42 U.S.C. § 423(g)(2). See, e.g., Simon, 585 F.Supp. at 541.

### Recommendation

I recommend that Plaintiff's Motion to Reverse be GRANTED IN PART in that the case be remanded to the Commissioner to perform a complete review of this case which shall include but is not necessarily limited to: (1) a proper and thorough consideration of Plaintiff's mental limitations and Dr. Cave's opinion; (2) adherence to the medical improvement standard in determining and explaining whether and how the medical evidence and opinions of record support a finding of medical improvement; (3) clarification regarding the weight the ALJ gave to the other medical opinions of record in regard to medical improvement; and (4) conduct a credibility inquiry which includes a discussion of the basis for the ALJ's findings regarding credibility.

I also recommend that the Plaintiff be awarded continued benefits pending a hearing on remand before the ALJ and also awarded a retroactive reinstatement of the benefits she would have received since the termination.

---

[4] The court in Simon noted that § 423(g) does not authorize continuation of terminated benefits pending judicial review, citing to Thibodeau. 585 F.Supp. at 539.  The case of the claimant in Simon also fell outside of the December 7, 1983 deadline of eligibility for using the provision. Simon, 585 F.Supp. at 538 (citing to § 423(g)(3)). However, at the time, the Secretary had announced a "moratorium" on termination of benefits pending new legislation on that area of law.  The court found that the moratorium applied to claimant on equitable grounds.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).

_____
UNITED STATES MAGISTRATE JUDGE